UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LONNIE HALL,<br><br>      Plaintiff,<br><br>      v.<br><br>RON NEAL, et al.,<br><br>      Defendants. | CAUSE NO. 3:20-CV-142-RLM-MGG |

OPINION AND ORDER

Lonnie Hall, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Hall alleges that prison gangs have targeted him since 2010. He transferred to the Miami Correctional Facility and repeatedly requested protective custody. Correctional staff responded that protective custody wasn't available at that facility and moved him from housing unit to housing unit.

Inmates attacked him, and he was hospitalized for two weeks. He was moved to an honor dormitory, and his attackers tried to enter it. Mr. Hall told his counselor, who told Officer McGee from internal affairs. Officer McGee moved Mr. Hall to a segregation pending a transfer to another facility.

Mr. Hall transferred to the Indiana State Prison. He immediately received threats from other inmates, reported them, and was moved to another housing unit. At this housing unit, inmates demanded money from him, and an inmate sexually assaulted him. When he reported the sexual assault, correctional staff locked him in a cell pending an investigation. Other inmates thought he was a snitch and began throwing apples at him, Mr. Hall responded by throwing a cup of water on them. Correctional staff issued him a conduct report and moved him to a restrictive housing unit, where he resides now. In that unit, inmates can kick holes in the recreational cages to obtain access to other inmates. They also can remove long light bulbs and use them as spears through the bars of their cells on other inmates and correctional staff. As a result, he refuses to leave his cell for recreational time or showers. He has disclosed the identities of the inmates in the building who have threatened him to Unit Team Manager Snyder, Assistant Warden Buss, Warden Neal, and Investigator Rodriguez. He's been moved several times within the housing unit but was refused protective custody.

Mr. Hall asserts an Eighth Amendment against fifteen defendants for not protecting him at various locations within the Miami Correctional Facility and the Indiana State Prison. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates."

2

Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. " [T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). "It is well established that there is no *respondeat superior* liability under § 1983." Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Mr. Hall lists as defendants Assistant Warden Payne, Warden Hyatte, Assistant Warden French, Unit Team Manager Miller, Director Hardbaugh, Unit Team Manager Marsh, Investigator Lessnor, Director Newkirk, and Counsel Pavv as defendants but doesn't mention them in the narrative portion of his complaint. Mr. Hall alleges that Executive Assistant Osburn told him that he would receive protective custody and that Investigator McGee moved him into segregation and to a different facility in response to his requests for protection. These allegations don't appear to describe deliberately indifferent conduct. By contrast, Mr. Hall alleges that he disclosed the identities of the inmates in the building who have threatened him to Unit Team Manager Snyder, Assistant Warden Buss, Warden Neal, and Investigator Rodriguez but that they refused to move him despite the security flaws present in the restrictive housing unit. Mr.

3

Hall states a plausible Eighth Amendment claim against these defendants and may proceed against them.

Mr. Hall also asks for placement in a protective custody unit. For prisoner cases, the court has limited authority to order injunctive relief. <u>Westefer v. Neal</u>, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." <u>Id.</u> Mr. Hall may proceed on an injunctive relief claim for the protective measures to which he is entitled under the Eighth Amendment. Warden Neal in his official capacity is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Mr. Hall receives adequate protection. <u>See Gonzalez v. Feinerman</u>, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Hall may proceed on an injunctive relief claim against this defendant.

For these reasons, the court:

(1) GRANTS Lonnie Hall leave to proceed on an Eighth Amendment claim for money damages against Unit Team Manager Snyder, Assistant Warden Buss, Warden Neal, and Investigator Rodriguez for failing to protect him against attacks from other inmates in the restrictive housing unit at the Indiana State Prison since August 2019;

(2) GRANTS Mr. Hall leave to proceed on an injunctive relief claim against Warden Neal in his official capacity to obtain the protective measures from other inmates to which he is entitled under the Eighth Amendment;

(3) DISMISSES Assistant Warden Payne, Warden Hyatte, Assistant Warden French, Unit Team Manager Miller, Director Hardbaugh, Unit Team Manager Marsh, Investigator Lessnor, Director Newkirk, Counsel Pavv, Executive Assistant Osburn, and Investigator McGee;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Unit Team Manager Snyder, Assistant Warden Buss, Warden Neal, and Investigator Rodriguez at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Unit Team Manager Snyder, Assistant Warden Buss, Warden Neal, and Investigator Rodriguez respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Lonnie Hall has been granted leave to proceed in this screening order.

SO ORDERED on September 1, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT