UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LONNIE HALL,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-142-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Lonnie Hall, a prisoner without a lawyer, filed a "Notice to the Court," stating that other inmates attacked him in September 2020 and that he seeks protective custody. The court construed this notice as a motion for a preliminary injunction and ordered a response. The Warden now responds that correctional staff have received no information about a threat of harm to Mr. Hall from other inmates and that there is little evidence to suggest that the attack described by Mr. Hall happened.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc., 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." Joelner v.

Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004). "A potential injury is irreparable when the threatened harm would impair the court's ability to grant an effective remedy." EnVerve, Inc. v. Unger Meat Co., 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011). "Irreparable harm is harm which cannot be repaired, retrieved, put down again, [or] atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it." Graham v. Med. Mut. of Ohio, 130 F.3d 293, 296 (7th Cir. 1997).

To get a motion for a preliminary injunction, Mr. Hall must show that he has a reasonable likelihood of success on the merits and that he will suffer irreparable harm without injunctive relief. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do

anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Hall says he has been moved from disciplinary segregation to general population since filing this case. Other inmates at the Indiana State Prison have reviewed orders in this case and in his State criminal case that characterize him as a confidential informant, a former gang member, and gay. On September 4, 2020, he asked for a meeting with his unit team manager and the Warden in writing detailing his concerns that other inmates had targeted him due to those orders. At 2:45 a.m. on September 12, other inmates ambushed him and struck him with a broom, resulting in rib injuries, a bite mark, and a black eye. He says he defends himself from the threat of violence on a daily basis.

The Warden has produced the affidavit of Pamela James, a litigation liaison at the Indiana State Prison who has investigated these allegations. According to Ms. James, Mr. Hall isn't in general population but instead resides on a range intended for offenders using controlled substances. Each inmate on this range has his own cell. There are restrictions on their interactions with inmates in general population, and these inmates are subject to more monitoring, including higher staffing levels, seven counts per day, and frequent rounds. Though Mr. Hall alleges that other inmates ambushed him at 2:45 a.m., inmates on that range are locked down during that time of day.

Ms. James could find only one record documenting that Mr. Hall had reported an attack. On September 23, Mr. Hall reported to a nurse that other inmates had jumped him during the previous week. He reported that his lung

was punctured, but the nurse found even and unlabored respiration with no signs of distress. In other words, she documented no objective signs of any injuries that could have resulted from an attack, and Mr. Hall has refused medical care on four other occasions since September 12. Ms. James couldn't find any record that Mr. Hall has requested a meeting with his unit team manager or the Warden. His case workers' notes recorded three interactions with Mr. Hall since September 4, but didn't report that Mr. Hall had reported a threat of harm by other inmates or requested protection.

The time for Mr. Hall to file a reply has passed. See N.D. Ind. L.R. 7-1(d)(3)(B). The records produced by the Warden severely undermine his allegations, and Mr. Hall has provided no explanation about his attempts to request a meeting with the unit team manager and the Warden, how an ambush could have occurred during a lockdown in a single-cell housing, why he didn't raise his concerns with case workers, and why he refused opportunities for more substantial medical documentation of his injuries. On this record, the court can't find that Mr. Hall has shown a likelihood of success on the merits or that he will likely suffer irreparable harm without injunctive relief.

Finally, with respect to the competing and public interests, unnecessary intrusions into the management of prisons are generally disfavored. See 18 U.S.C. § 3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). Such deference is particularly relevant here,

because the Warden has supported Mr. Hall's housing placement on the controlled substances range with evidence that Mr. Hall suffered an overdose in August 2020 and that he tested positive for methamphetamine use on September 9 and October 9. After considering the relevant factors, the court finds that Mr. Hall hasn't shown that he is entitled to injunctive relief, and denies the motion for a preliminary injunction.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 25).

SO ORDERED on November 13, 2020.

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
